IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUBEN ESCANO,

    Plaintiff,

v.                                    Case No. 2:24-cv-00590-MLG-KRS

LIBERTY MUTUAL GROUP, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND DENYING REQUEST FOR ATTORNEY'S FEES**

Defendant Liberty Mutual Group, Inc. ("Liberty") moves to dismiss Plaintiff Ruben Escano's Complaint,[1] Doc. 1-1, and requests its attorney's fees and costs. *See generally* Doc. 11. The Court grants Liberty's Motion to Dismiss Escano's Complaint on the basis of claim preclusion. Liberty's request for attorney's fees, *id.* at 16, is denied.[2]

---

[1] Because Escano proceeds pro se, the Court—without "serving as [his] attorney in constructing arguments and searching the record"—construes his pleadings "liberally and [holds them] to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted). It bears noting, however, that Escano is a repeat plaintiff, suing under these same theories many times. *See, e.g.*, *Escano v. ADT Sec. Corp.*, No. 2:24-cv-00908, 2025 U.S. Dist. LEXIS 17093, at *1 ("[Escano] is proceeding *pro se* but is a professional litigant who has filed many cases in this district challenging allegedly unlawful telephone calls."); *Escano v. Innovative Fin. Partners, LLC*, Civ. No. 23-277, 2024 U.S. Dist. LEXIS 12023, at *3-4 (D.N.M. Jan. 23, 2024) ("[Escano] is an early-middle-aged and experienced *pro se* litigant who has filed more than a dozen lawsuits under the TCPA.").

[2] As the prevailing party, Liberty is entitled to reasonable costs. *Defiant Techs., Inc. v. Nanodetex Corp.*, No. CIV 05-1041, 2008 WL 11417198, at *1 (D.N.M. May 9, 2008) ("Under both federal and New Mexico law, the prevailing party is entitled to all reasonable costs of prosecuting its claims."); Fed R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). If Liberty wants to pursue costs, it should timely file a separate motion specifying the relief sought. Escano may respond as appropriate.

1

# BACKGROUND

**A.     The 2021 Lawsuit**

In February 2021, Escano sued Liberty (the current defendant); Liberty Mutual Auto and Home Services, LLC; ForeverCar, LLC ("ForeverCar"); and Concord Auto Protect, Inc. for alleged violations of the United States Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.[3] *See Escano v. Concord Auto Protect, Inc.*, CV No. 21-223, 2022 U.S. Dist. LEXIS 124623, at *3 (D.N.M. July 14, 2022); Plaintiff's Complaint at 3-5 (hereinafter "2021 Complaint"), *Escano v. Concord Auto Protect, Inc.*, No. 2:21-cv-00223 (D.N.M. March 12, 2021), Doc. 1-1. In that litigation (the "2021 Lawsuit"), Escano alleged that Liberty called him—either directly or through an agent—thirteen times between May 2020 and January 2021. 2021 Complaint at 3-16. Escano claimed that these calls violated the TCPA. *Id.* at 3-4.

Liberty moved to dismiss the 2021 Lawsuit, arguing that Escano neither adequately pled that Liberty made the calls directly (i.e., no direct liability) nor showed that ForeverCar operated the phone as Liberty's agent (that is, no vicarious liability). Defendants' Motion to Dismiss at 1, *Escano v. Concord Auto Protect, Inc.*, No. 2:21-cv-00223 (D.N.M. April 20, 2021), Doc. 19. In response, Escano requested leave to file his First Amended Complaint. Plaintiff's Motion to Amend at 1, *Escano v. Concord Auto Protect, Inc.*, No. 2:21-cv-00223 (D.N.M. Feb. 24, 2022), Doc. 89. Escano's First Amended Complaint added state law claims under the New Mexico Unfair Practices Act ("NMUPA"), NMSA 1978, § 57-12-1 through -26, and common law claims for trespass to chattels. Proposed Findings and Recommended Disposition at 3 (hereinafter "Second 2021 PFRD"), *Escano v. Concord Auto Protect, Inc.*, No. 2:21-cv-00223 (D.N.M. April 27, 2022),

---

[3] This 2021 lawsuit was removed in March 2021 to this District Court. Defendants' Notice of Removal, *Escano v. Concord Auto Protect Inc.*, No. 2:21-cv-00223 (D.N.M. March 12, 2021), Doc. 1.

Doc. 100. He also alleged, in the alternative, that Liberty was vicariously liable for the thirteen calls because they were made by its unknown John Doe agent. [4] *Id.* at 11-14.

After reviewing Escano's 2021 Motion to Amend and his 2021 Proposed Amended Complaint ("2021 PAC"), First Amended Complaint, *Escano v. Concord Auto Protect, Inc.*, No. 2:21-cv-00223 (D.N.M. Feb. 24, 2022), Doc. 89-1, then-Chief United States Magistrate Judge Carmen Garza recommended that the motion be denied and the case be dismissed because the 2021 PAC would not survive a Rule 12(b)(6) motion. *See generally id.*; *Escano v. Concord Auto Protect, Inc.*, No. 22-2096, 2023 U.S. App. LEXIS 16441, at *1-11 (10th Cir. June 29, 2023) (addressing factual and procedural background of the 2021 Lawsuit). The district court adopted Judge Garza's recommendation over Escano's objections, dismissed his claims with prejudice, and entered final judgment. Order Adopting Chief Magistrate Judge's Proposed Findings and Recommended Disposition, *Escano v. Concord Auto Protect, Inc.*, No. 2:21-cv-00223 (D.N.M. July 14, 2022), Doc. 105; Final Judgment, *Escano v. Concord Auto Protect, Inc.*, No. 2:21-cv-00223 (D.N.M. July 14, 2022), Doc. 106. Escano appealed, and the Tenth Circuit affirmed the dismissal of his claims against Liberty. *Concord Auto Protect, Inc.*, 2023 U.S. App. LEXIS 16441, at *8-11 (10th Cir. 2023).

**B.     The 2024 Lawsuit**

Escano filed the current Complaint ("Complaint") in the Sixth Judicial District Court of Grant County, New Mexico in May 2024. Doc. 1-1 at 3. Escano once again alleges that Liberty or

---

[4] In the 2024 Lawsuit, Escano mentions that the 2021 PAC added an alternative allegation that Liberty was directly liable, implying that such an allegation was absent from his 2021 Complaint. Doc. 15 at 4. But Escano clearly alleged in the 2021 Complaint that Liberty was either directly or vicariously liable for the thirteen calls. 2021 Complaint at 16 ¶ 68 ("Liberty Mutual is in the business of telemarketing and is vicariously or directly liable for the calls alleged[.]").

3

its unknown agent ("John Doe") called him thirteen times with an automatic telephone dialing system ("ATDS") between May 2020 and January 2021 in contravention of the TCPA and the NMUPA. *Id.* at 4-14. The calls at issue in the 2024 Lawsuit are the same that Escano litigated in the 2021 Lawsuit. *Compare* Complaint, Doc. 1-1, (alleging that between May 13, 2020 and January 26, 2021, Escano received thirteen calls for which Liberty should be held directly or vicariously liable), *with* 2021 Complaint (same), *and* 2021 PAC (same). Liberty asserted federal question jurisdiction to remove the matter, Doc. 1 at 3 ¶ 11, and now moves to dismiss Escano's Complaint for failure to state a claim under Rule 12(b)(6). Doc. 11 at 1. Liberty attacks the substance of Escano's claims[5] and argues that he is precluded from relitigating the calls at issue in the 2021 lawsuit. *Id.* at 6-15.

## DISCUSSION

The Court addresses Liberty's argument that the doctrine of claim preclusion bars Escano from pursuing the current litigation. *Id.* at 6-8. Agreeing, the Court holds that the 2021 Lawsuit resulted in a judgment on the merits, the parties in that action and this instant lawsuit are the same, the claims in both actions are identical, and the 2021 Court provided Escano a full and fair opportunity to litigate his claims.[6]

---

[5] The Court does not reach the substance of Escano's claims in this case because the preclusion issue is dispositive.

[6] Escano asserts that Liberty filed its Motion to Dismiss after the June 17, 2024, deadline, rendering it untimely. Doc. 15 at 13. But the Court extended the deadline to June 21, 2024, Doc. 5, and Liberty filed on that date. Doc. 11 at 16. The motion is timely.

**I.     The relevant legal standard**

Res judicata refers to the preclusive effects of prior actions and includes claim preclusion and issue preclusion.[7] *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). These doctrines promote judicial economy by ensuring that litigants typically get just one bite at the apple. *Id.*

Relevant here is claim preclusion, which bars parties from relitigating claims that were raised in prior litigation and those that could have been brought. Cooper, *supra*, at § 4402; *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) ("'The doctrine of . . . claim preclusion will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment.'" (quoting *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005))). The doctrine precludes subsequent litigation when (1) the former action was decided by a judgment on the merits, (2) the parties are identical or in privity in the former and current action, and (3) the cause of action in both suits is the same. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999). A court may apply an exception to claim preclusion if a plaintiff was not afforded a full and fair opportunity to formerly litigate his claims. *Id.* at 1226 n.4.

**II.    Claim preclusion applies.**

In dismissing Escano's claims, the 2021 Court found that neither his complaint nor his 2021 PAC stated a claim for relief and thus dismissed his case with prejudice pursuant to Rule

---

[7] Liberty treats res judicata as synonymous with claim preclusion, and issue preclusion as the synonymous with collateral estoppel. Doc. 11 at 6-9. Escano does the same. Doc. 15 at 10. The Court communicates differently, however, using the term res judicata to refer to the broad concept of preclusion and distinguishing between claim and issue preclusion. 18 Edward H. Cooper, Federal Practice and Procedure § 4402 (3d ed. 2024) ("The effects of former adjudication have been discussed and determined in varying and occasionally conflicting terminology. Although the time has not yet come when courts can be forced into a single vocabulary, substantial progress has been made toward a convention that the broad 'res judicata' phrase refers to the distinctive effects of a judgment separately characterized as 'claim preclusion' and 'issue preclusion.'"); *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006) ("Res judicata . . . encompasses two distinct barriers to repeat litigation: claim preclusion and issue preclusion.") (quoting *Park Lake Res. Ltd. Liab. Co. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1135 (10th Cir. 2004)).

12(b)(6). Second 2021 PFRD at 13. That ruling constitutes a judgment on the merits, thereby satisfying the first element of the claim preclusion doctrine. Fed. R. Civ. P. 41(b) (a dismissal for any reason other than lack of jurisdiction, improper venue, or failure to join a proper party operates as an adjudication on the merits); *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n.3 (1981); *Stan Lee Media, Inc. v. Walt Disney Co.,* 774 F.3d 1292, 1298 (10th Cir. 2014) ("[F]ailure to plead a viable cause of action is a decision on the merits under [every circuit's] law.").

Escano suggests that the judgment was not on the merits because it was rendered prior to discovery. Doc. 15 at 12. Neither case law nor the Federal Rules of Civil Procedure provide for such an exception. *See Stan Lee Media*, *Inc.*, 774 F.3d at 1298; *Moitie*, 452 U.S. at 399 n.3 (stating that "dismissal for failure to state a claim under [Rule 12(b)(6)]" constitutes a judgment on the merits); *Weir v. Montefiore Med. Ctr.*, No. 24-1527, 2025 U.S. App. LEXIS 1563, at *4 (2d Cir. Jan. 24, 2025) ("A federal court's dismissal for failure to state a claim is a final judgment on the merits and thus has claim preclusive effects.") (internal quotation omitted); Fed. R. Civ. P. 41(b). He argues alternatively that "[a]lthough the district court rendered a judgment in the 2021 Lawsuit, the judgment was only with respect to whether Plaintiff adequately alleged ForeverCar made the calls." Doc. 15 at 12. Again, not so. The 2021 Court found that failed to state a viable claim against Liberty under a direct or vicarious theory of liability. Second 2021 PFRD at 11-16. Escano's attempts to evade or cabin the 2021 Court's decision fails to persuade the Court.

Having resolved the first element, the Court next finds that the parties and cause of action are identical in both cases. In the 2021 Lawsuit, Escano sued Liberty for vicarious and direct liability for the thirteen calls. *Id.* at 2-3, 11-12. In this current action, he does the same. Doc. 1-1 at 9-11. His cause of action addresses the same parties and the same conduct. The second and third claim preclusion elements are therefore met.

Turning to the doctrine's final element, Escano asserts that he did not receive a full and fair opportunity to litigate the 2021 Lawsuit because the 2021 Court did not allow him to plead his direct liability claims and ignored his vicarious liability allegations. Doc. 15 at 11.  The Court disagrees.

The 2021 Court found that Escano's 2021 PAC raised "a theory of direct liability against ForeverCar" and that it also averred that Liberty "initiated the calls and [was] thus directly liable for the calls." Second 2021 PFRD at 13. While the 2021 Court acknowledged that pleading in the alternative is generally permitted, it found "no indication in the pleadings or briefing that Mr. Escano [was] in doubt about the facts surrounding the thirteen calls." *Id*. Rather, Escano's pleadings described "a detailed scheme by which ForeverCar generally hid[] its identify when placing these calls and specifically did so during the thirteen calls at issue." *Id*. at 14. Given these allegations, the 2021 Court concluded that Escano's alternative theory of direct liability against Liberty was merely a tactic intended "to save his case from dismissal." *Id*. For that reason, the 2021 Court found that Escano failed to state a direct claim of liability against Liberty. *Id*.

As to Escano's claims of vicarious liability, the 2021 Court found that the 2021 PAC "failed to allege enough facts to plausibly plead Liberty [] was vicariously liable for [ForeverCar's] actions." *Concord Auto Protect, Inc.*, 2023 U.S. App. LEXIS 16441, at *9 (10th Cir. June 29, 2023). Specifically, it determined that because the 2021 PAC failed to state a claim against ForeverCar for direct liability, the 2021 PAC "also necessarily fail[ed] to state a vicarious liability claim against [Liberty] for the 13 phone calls." *Id*. (quoting *Concord Auto Protect, Inc.*, 2022 U.S. Dist. LEXIS 124623, at *10).

Nevertheless, Escano complains that he was "not permitted to plead fully Defendant's direct or vicarious liability in the 2021 Lawsuit." Doc. 15 at 12. Again, that position is not accurate.

7

Although the 2021 Court found that that Escano's allegations were insufficient to allow the matter to proceed, it did not preclude him from asserting claims for direct and vicarious liability. Second 2021 PFRD at 11-16.

Stated succinctly, Escano sued Liberty in 2021 and again in the instant matter (identical parties in both) for the same thirteen phone calls (same cause of action), the 2021 Court allowed him to argue and fully considered his legal claims and theories of liability (he had a full and fair opportunity to litigate his claims), and the 2021 Court dismissed his case for failure to state a claim under Rule 12(b)(6) (judgment on the merits). Consequently, his 2024 Lawsuit is claim precluded.

## II.    The Court denies Liberty's request for attorney's fees.

Under the American rule, "the prevailing party may not recover attorneys' fees as costs or otherwise." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 245 (1975). An exception may apply if Congress explicitly authorizes attorney's fees or a party acts in "bad faith, vexatiously, wantonly, or oppressively." *Martinez v. Roscoe*, 100 F.3d 121, 123 (10th Cir. 1996); *Key Tronic Corp. v. United States*, 511 U.S. 809, 814 (1994) (quoting *Runyon v. McCrary*, 427 U.S. 160, 185 (1976)). Here, Liberty identifies no relevant fee-shifting statute and does not show that Escano's conduct justifies a fee award. *See* Doc. 11 at 2, 16 (requesting fees without argument); Doc. 21 at 9 (asserting without argument or evidence that Escano's conduct is "frivolous and unreasonable"). Accordingly, the Court denies Liberty's request for attorney's fees.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Liberty's Motion to Dismiss. Doc. 11. Escano's Complaint is dismissed with prejudice. Liberty's request for attorney's fees is denied.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA